IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jack Logan, | ) | C/A No. 6:17-cv-00063-TMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Smith and Wesson Corp., | ) | |
| Sturm Ruger and Company, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, proceeding *pro se*, brings this civil action asserting a claim under 42 U.S.C. § 1983. The plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint is subject to summary dismissal.

## BACKGROUND

In the plaintiff's statement of claim section of the complaint, he states that "[t]his is about the [d]efendants violating my civil rights by continuing to manufacture guns and have me in fear of my life and others. Too many guns are on the streets" (doc. 1 at 5). He seeks $1,000,000 in damages for "endangering one life" and requests that the court enjoin the defendants from producing more guns "until the United States get[s] control under control" (*id.*).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on

which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501

(2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, the defendants are not amenable to suit under § 1983 because they are not persons as required by § 1983. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Moreover, the defendants in this case are not amenable to suit under § 1983 because they were not acting under color of state law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). To determine whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–43 (4th Cir. 2000). However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). In this case, the

3

complaint alleges no facts to show that these defendants are state actors amenable to suit under § 1983. Accordingly, the complaint fails to state a claim upon which relief can be granted against the defendants.

It is unclear whether the plaintiff also intends to proceed under diversity jurisdiction. In the basis for jurisdiction section of the complaint, the plaintiff checked the box for federal question and did not check the box for diversity of citizenship (doc. 1 at 3). However, he completed the section of the complaint devoted to diversity of citizenship and stated that "both companies are located in other states" as a basis for asserting his claim in the *pro se* party's answers to Rule 26.01 interrogatories (docs. 1 at 4; 3 at 1). To the extent that he intends to bring this action pursuant to diversity jurisdiction, he has met the statutory requirements. *See   See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); 28 U.S.C. § 1332(a) (explaining that, with the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000). The plaintiff alleges that he is domiciled in South Carolina, that Smith and Wesson Corp. is located in Massachusetts, and that Sturm Ruger and Company, Inc. is located in Arizona (doc. 1 at 2); as previously stated, the plaintiff seeks $1,000,000 in damages. However, the plaintiff does not allege a violation of any State law (*see* doc. 1). Thus, the plaintiff has failed to state a claim upon which relief can be granted against the defendants.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*,

4

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **The plaintiff's attention is directed to the important notice on the next page.**

February 2, 2017                                    s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).